Robert Fish (California State Bar No. 149771)
Mei Tsang (California State Bar No. 237959)
Fish & Associates, PC
2603 Main Street,. Suite 1050
Irvine, California 92614-6232
Telephone: 949-253-0944
Facsimile: 949-253-9069

Attorneys for Plaintiff
Digital Spectrum Solutions, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL SPECTRUM SOLUTIONS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>EASTMAN KODAK COMPANY AND ATICO INTERNATIONAL USA, INC. AND DOES 1 THROUGH 20.<br><br>    Defendants. | Civil Action No. SACV 07-00729-JVS (RNBx)<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT; BREACH OF CONTRACT; BREACH OF ORAL AGREEMENT; UNFAIR COMPETITION (CAL. BUS. & PROF. § 17200); FRAUDULENT CONCEALMENT; INTENTIONAL MISREPRESENTATION; NEGLIGENT MISREPRESENTATION AND FRAUD IN THE INDUCEMENT**<br><br>**DEMAND FOR JURY TRIAL<br>ORIGINAL COMPLAINT FILED: JUNE 22, 2007** |

## INTRODUCTION

1.    This is an action by Plaintiff DIGITAL SPECTRUM SOLUTIONS, INC. (hereinafter "DSI") against Defendants EASTMAN KODAK COMPANY (hereinafter "Kodak"), ATICO INTERNATIONAL USA, INC (hereinafter "Atico"), and Does 1 – 20.

# PARTIES

2. DSI is a corporation with its principal place of business at 17811 Mitchell North, Irvine, CA 92614. DSI is in the business of manufacturing and selling electronic devices, including picture frames as claimed in US patent no. 6,826,863 (hereinafter the '863 patent).

3. On information and belief, Kodak is a New Jersey corporation with its principal place of business at 343 State Street, Rochester, NY 14650. Kodak is in the business of making, offering for sale, distributing and/or selling consumer digital and traditional capture and display systems. DSI may be without knowledge of the true legal name of Kodak and will amend this Complaint upon obtaining such knowledge.

4. On information and belief, Atico is a Delaware corporation with its principal place of business at 501 South Andrews Avenue, Fort Lauderdale, FL 33301. Among other things, Atico is in the business of designing, manufacturing, importing, and/or distributing digital picture frames. DSI may be without knowledge of the true legal name of Atico and will amend this Complaint upon obtaining such knowledge.

5. On information and belief, Atico is a designer, manufacturer, importer and/or distributor for Kodak with respect to digital picture frames. DSI is informed and believes, and based thereon alleges, that at all times mentioned herein, each of Kodak and Atico was the agent, servant and/or employee, co-venturer and/or co-conspirator of the other, and was at all times herein mentioned, acting within the course, scope, purpose, consent, knowledge, ratification and authorization of such agency, employment, joint venture and conspiracy with respect to the acts alleged against them herein.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 20, inclusive, are unknown to DSI, which therefore sues said defendants by such fictitious names. DSI will seek leave of this Court

to amend this Complaint to include their proper names and capacities when they have been ascertained. DSI is informed and believes, and based thereon alleges, that each of the fictitiously named defendants participated in and are in some manner responsible for the acts described in this Complaint and the damage resulting therefrom.

7. DSI alleges on information and belief that each of the defendants named herein as DOES 1 through 20, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged herein below, and are liable to DSI for the damages and relief sought herein.

8. DSI alleges on information and belief that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the Defendants was the agent and employee of each of the other defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other Defendants.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1338 (a) (action arising under an Act of Congress relating to patents) and 28 U.S.C. § 1331 (federal question).

10. This Court has an independent basis for jurisdiction pursuant to 28 U.S.C. § 1332 because DSI is of diverse citizenship with each of Kodak and Atico, and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

11. This Court has jurisdiction over the pendent claims herein under the provisions of 28 U.S.C. §1338(b) in that said claims are joined with a substantial and related claim under the Patent Laws of the United States, 28 U.S.C. §§1331 and 1338.

12.     This Court has general and specific personal jurisdiction over each of Kodak and Atico in that each of them is doing business in this judicial district.

13.     Venue is proper in this District pursuant to 28 U.S.C. §§1391(b), and 1400(b).

## FIRST CLAIM FOR RELIEF – PATENT INFRINGEMENT
## (AGAINST KODAK AND ATICO)

14.     DSI repeats and re-alleges the allegations of paragraphs 1 through 13 as if fully set forth herein.

15.     United States Letters Patent No. 6,826,863 (hereinafter the '863 patent) entitled "Combination Video Monitor and Detachable Picture Frame" was duly and legally issued on Dec 7, 2004. A true and correct copy of the '863 patent is annexed to and incorporated herein as Exhibit A.

16.     DSI is the owner of all right, title and interest in and to the '863 patent (hereinafter the "Patent Rights"). DSI purchased the Patent Rights from Marquette Commercial Finance, Inc., which obtained them from Pacific Digital Corporation (hereinafter "Pacific Digital"), which obtained them from the inventor, Anthony Goodfellow.

17.     Each of Kodak and Atico are engaged in at least one of the manufacture, offer for sale, sale, and/or distribution of at least one model of video monitor/detachable picture frame (collectively digital picture frame) that falls within at least one of claims 7, 10, and 14 of the '863 patent.

18.     On information and belief, the infringing digital picture frames include at least Kodak model number DPF800.

19. By virtue of these activities, each of Kodak and Atico has infringed and continues to infringe, contributes to infringement, and/or induces infringement of the '863 patent in violation of 35 U.S.C. §271.

20. As a direct and proximate result of each of Kodak's and Atico's infringement as alleged herein, DSI has incurred, and continues to incur, substantial damages in an amount according to proof at trial. DSI will continue to be so damaged and irreparably injured unless such infringing activities are enjoined by this Court.

21. The infringing activities of each of Kodak and Atico have been and continue to be, willful and deliberate, entitling DSI to increased damages under 35 U.S.C. §284 and making this case exceptional within the meaning of 35 U.S.C. §285.

22. Wherefore, DSI requests judgment against each of Kodak and Atico as set forth in the prayer below.

## SECOND CLAIM FOR RELIEF – BREACH OF CONTRACT
## (AGAINST KODAK)

23. DSI repeats and re-alleges the allegations of paragraphs 1 through 22 as if fully set forth herein.

24. On or about April 1, 2005, Kodak entered into a Confidential Disclosure Agreement (hereinafter the "CDA"), under which Pacific Digital disclosed to Kodak representatives confidential information, which on information and belief included digital picture frame display and software applications, a road map, and at least one technical implementation (hereinafter the "Confidential Information") A true and correct copy of the CDA is annexed to and incorporated herein as Exhibit B.

25. Pacific Digital satisfied each and every one of its duties and responsibilities under the CDA, and performed all conditions on its part under the CDA, except for any conditions excused by non-performance or other actions of Kodak.

26. On information and belief, Kodak breached the CDA by utilizing at least some of the Confidential Information in development, production, and/or marketing of one or more of its digital picture frames, including at least Kodak model number DPF800.

27. DSI purchased all choses in action that Pacific Digital may have against Kodak pursuant to a foreclosure sale, noticed by the Notice Of Private Foreclosure Sale dated July 25, 2006. A true and correct copy of the Notice Of Private Foreclosure Sale is annexed to and incorporated herein as Exhibit C.

### THIRD CLAIM FOR RELIEF – BREACH OF ORAL AGREEMENT
### (AGAINST KODAK)

28. DSI repeats and re-alleges the allegations in paragraphs 1 through 27 as set forth fully herein.

29. On or about January of 2006, Kodak entered into an oral agreement with DSI at a Las Vegas convention ("the Las Vegas convention"). Under the terms of the oral agreement, Kodak agreed that in exchange for receiving DSI's technology support and information, Kodak would work with DSI to jointly develop and market a digital picture frame, that Kodak was not working with any other party, and did not have any plans to develop its own digital picture frame, and that Kodak would maintain the confidentiality of DSI technology.

30. DSI satisfied all of its requirements under the oral agreement.

31. On information and belief, Kodak breached the oral agreement by disclosing portions of DSI's technology to third parties, and by developing, producing, and/or

marketing one or more of its digital picture frames, including at least Kodak model number DPF800. The one or more competing products were based at least in part on information provided by DSI under the terms of the oral agreement.

32. As a direct and proximate result of Kodak's breach of the oral agreement, DSI had incurred and continues to incur, substantial damages in an amount according to proof at trial.

33. Wherefore, DSI requests judgment against Kodak as set forth in the prayer below.

## FOURTH CLAIM FOR RELIEF - UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 (AGAINST KODAK)

34. DSI repeats and re-alleges the allegations in paragraphs 1 through 34 as set forth fully herein.

35. The above described wrongful conduct of Kodak, including fraud, negligent misrepresentation and unfair competition as alleged herein, constitutes unlawful, unfair and/or fraudulent business acts or practices under California Business and Professions Code Section 17200 et seq.

36. DSI is informed and believes and thereon alleges that Kodak undertook the acts alleged above willfully, for the purpose of enriching themselves to the detriment of DSI.

37. DSI is entitled to the restitutionary disgorgement of profits earned by Kodak as a direct and proximate result Kodak's unlawful and/or unfair business acts or practices.

38. Wherefore, DSI requests judgment against Kodak as set forth in the prayer below.

## FIFTH CLAIM FOR RELIEF - FRAUDULENT CONCEALMENT
## (AGAINST KODAK)

39. DSI repeats and re-alleges the allegations in paragraphs 1 through 38 as set forth fully herein.

40. Upon information and belief, Kodak concealed from DSI the fact that Kodak was secretly revealing to vendors at least portions of DSI's technology.

41. Upon information and belief, Kodak concealed from DSI the fact that Kodak was secretly working on a version of its DFP-0801, and possibly other digital picture frames, and that it intended to use DSI's support and information in design, manufacture, production and/or marketing of such frames.

42. Upon information and belief, Kodak intended to deceive DSI by concealing the true facts from DSI, and engaging in a ruse to obtain the support of DSI in order to develop its own digital picture frame product(s).

43. DSI reasonably relied upon Kodak's fraudulent concealment to its detriment, including without limitation, by sharing its technology and information with Kodak, which facilitated Kodak's development, production, and/or marketing of such products. But for Kodak having fraudulently concealed its secret intentions as set forth herein, DSI would not have supported and shared information with Kodak.

44. As a direct and proximate result of Kodak's fraudulent concealment, DSI has incurred, and DSI continues to incur, substantial damages in an amount according to proof at trial.

45. In doing the acts alleged herein, Kodak acted with oppression, fraud and malice, and in willful and conscious disregard of the rights of DSI, so as to entitle DSI to exemplary and punitive damages in an amount according to proof at trial.

46. Wherefore, DSI requests judgment against Kodak as set forth in the prayer below.

## SIXTH CLAIM FOR RELIEF - INTENTIONAL MISREPRESENTATION
## (AGAINST KODAK)

47. DSI repeats and re-alleges the allegations in paragraphs 1 through 46 as set forth fully herein.

48. As set forth above, Kodak made a number of affirmative misrepresentations to DSI including, without limitation: (a) denying that it was secretly working on its own digital picture frame product(s); (b) affirmatively misrepresenting to DSI that Kodak was not interested in developing and marketing its own digital picture frame product(s); and (c) was instead only interested in working with DSI to develop and/or market a joint product.

49. At all times mentioned herein, DSI was unaware of Kodak's intention to break its promise to DSI and to use the information it obtained in developing, producing and marketing its own digital picture frame product(s).

50. On information and belief, Kodak intended to deceive DSI through its affirmative misrepresentations.

51. DSI reasonably relied upon Kodak's fraudulent conduct to its detriment, including without limitation, by providing support to Kodak and sharing the information relevant to the digital frame products. But for Kodak's misrepresentations, DSI would not have supported Kodak or shared any relevant information with Kodak.

52. As a direct and proximate result of Kodak's intentional misrepresentations, DSI has incurred, and DSI continues to incur, substantial damages in an amount according to proof at trial.

53. Kodak's conduct was committed with willful and conscious disregard of the rights of DSI, such as to constitute malice, oppression and/or fraud under Section 3294 of the

California Civil Code. DSI is therefore entitled to an award of punitive and exemplary damages against Kodak.

54. Wherefore, DSI requests judgment against Kodak as set forth in the prayer below.

### SEVENTH CLAIM FOR RELIEF - NEGLIGENT MISREPRESENTATION
### (AGAINST KODAK)

55. DSI repeats and re-alleges the allegations in paragraphs 1 through 54 as set forth fully herein.

56. As set forth above, Kodak made a number of affirmative misrepresentations to DSI including, without limitation: (a) denying that it was secretly working on its own digital picture frame product(s); (b) affirmatively misrepresenting to DSI that Kodak was not interested in developing and marketing its own digital picture frame product(s); and (c) was instead only interested in working with DSI to develop and/or market a joint product.

57. Kodak's representations to DSI were of material facts, essential to the analysis undertaken by DSI in deciding to enter into an oral agreement and provide support and relevant information to Kodak. DSI would not have acted as it did without such misrepresentations.

58. Kodak made these misrepresentations to DSI without any reasonable ground for believing them to be true.

59. Kodak intended to induce DSI to alter their position based on these misrepresentations.

60. DSI actually relied on Kodak's misrepresentations, to their detriment. Moreover, DSI's reliance on Kodak's misrepresentations were both reasonable and foreseeable.

61. As a direct and proximate result of Kodak's negligent misrepresentations, DSI has incurred, and DSI continues to incur, substantial damages in an amount according to proof at trial.

62. Wherefore, DSI requests judgment against Kodak as set forth in the prayer below.

## EIGHTH CLAIM FOR RELIEF – FRAUD IN THE INDUCEMENT
## (AGAINST KODAK)

63. DSI repeats and re-alleges the allegations in paragraphs 1 through 62 as set forth fully herein.

64. On information and belief, Kodak concealed from DSI the fact that Kodak was secretly working on a version of its DFP-0801, and possibly other digital picture frames, and that it intended to use DSI's support and information in design, manufacture, production and/or marketing of such frames.

65. On information and belief, Kodak intended to deceive DSI by concealing the true facts from DSI, that it was engaging in a ruse to obtain the support of DSI in order to develop its own digital picture frame product(s).

66. By reasonably relying on Kodak's fraud, DSI was induced to its detriment, including without limitation, by sharing its technology and information with Kodak, which facilitated Kodak's development, production, and/or marketing of such products. But for Kodak having fraudulently concealed its secret intentions as set forth herein, DSI would not have supported and shared information with Kodak.

67. As a direct and proximate result of Kodak's fraudulent in the inducement, DSI has incurred, and DSI continues to incur, substantial damages in an amount according to proof at trial.

68. In doing the acts alleged herein, Kodak acted with oppression, fraud and malice, and in willful and conscious disregard of the rights of DSI, so as to entitle DSI to exemplary and punitive damages in an amount according to proof at trial.

69. Wherefore, DSI requests judgment against Kodak as set forth in the prayer below.

## PRAYER FOR RELIEF

70. WHEREFORE, DSI prays as follows:

A) As to each of Kodak and Atico, this Court:

1. Find that the '863 patent has been infringed as alleged herein;

2. Award damages adequate to compensate DSI for infringement, but not less than a reasonable royalty for the use made of the claimed inventions, together with interest, including pre-judgment interest, and costs as fixed by the Court;

3. Find that infringements have been willful and deliberate;

4. Award DSI increased damages, costs, expenses, and attorneys' fees pursuant to 35 U.S.C. §§284 and 285 because of the willful and deliberate nature of the infringements;

5. Preliminary and permanently enjoin each of Kodak and Atico and their officers, agents, servants, employees and affiliates, as well as all others in active concert or participation with it as to any of the foregoing, from infringing, contributing to the infringement of, and inducing the infringement of, the '863 patent; and

6. Award DSI such other and further relief as this Court may deem just and proper; and

B) As to Kodak, this Court:

1. Find that Kodak breached the April 1, 2005 Confidential Disclosure Agreement with Pacific Digital, and that DSI holds the chose in action for said breach; and Award DSI for damages for said breach;

2. Find that Kodak breached the January, 2006 oral agreement with DSI; and Award DSI for damages for said breach;

3. Find that Kodak engaged in unfair competition against DSI; and Award DSI for actual and punitive damages for said unfair competition;

4. Find that Kodak engaged in fraudulent concealment against DSI; and Award DSI for actual and punitive damages for said fraudulent concealment;

5. Find that Kodak engaged in intentional misrepresentation against DSI; and Award DSI for actual and punitive damages for said intentional misrepresentation;

6. Find that Kodak engaged in negligent misrepresentation against DSI; and Award DSI for actual and punitive damages for said negligent misrepresentation; and

7. Find that Kodak engaged in fraud in the inducement against DSI; and Award DSI for actual and punitive damages for said negligent misrepresentation; and

8. Award DSI such other and further relief as this Court may deem just and proper.

///

///

///

Respectfully submitted,

/s/ Mei Tsang

Robert D. Fish (California State Bar No. 149771)
Mei Tsang (California State Bar No. 237959)
Fish & Associates, PC
2603 Main Street, Suite 1050
Irvine, CA. 92614-6232

Dated: February 21, 2008

## DEMAND FOR JURY TRIAL

Pursuant to Local Rule 38-1 of the Local Rules of the United States District Court for the Central District of California, Plaintiff hereby demands a jury trial in this action.

Respectfully submitted,

Robert D. Fish (California State Bar No. 149771)
Mei Tsang (California State Bar No. 237959)
Fish & Associates, PC
2603 Main Street, Suite 1050
Irvine, CA. 92614-6232

Dated: February 21, 2008

## VERIFICATION

I have read the foregoing complaint for: Patent Infringement; Breach Of Contract; Breach of Oral Agreement; Unfair Competition (Cal. Bus. & Prof. Code § 17200); Fraudulent Concealment; Intentional Misrepresentation; And Negligent Misrepresentation, and know its contents.

I am an officer of Digital Spectrum Solutions, Inc., a party to this action, and am authorized to make this verification for an on its behalf, and I make this verification for that reason. I am informed and believe that the matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on __2 - 19__, 2008, at Orange County, California.

Name: Jhon Parsa
Title: CEO/president

-16-
First Amended Complaint Against Kodak and Atico and Does 1-20